# EXHIBIT A

# Inner City Press

July 7, 2026

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Sealed v. Sealed, No. 18-cr-00277 (EDNY) — Press Request to Unseal Docket Sheet and Records, to Docket This Letter, and to Direct a Response

Dear Judge Kuntz:

I am a reporter with Inner City Press, covering federal court proceedings and public access issues in SDNY as well as in this District and others. I write regarding the above-captioned matter, which appeared on today's public EDNY courtroom calendar (July 7, 2026, 2:00 p.m., Courtroom 6H North) listed only as "* SEALED *," with no case title, party names, or other identifying information. PACER confirms the docket itself remains sealed, returning only "Sealed v. Sealed. This case is under seal."

There is a well-established presumption under the common law and the First Amendment favoring public access to judicial proceedings and records, including criminal dockets. See, e.g., Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986); United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995).

That presumption extends to the docket sheet itself. In Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93, 96 (2d Cir. 2004), the Second Circuit held that the press and public enjoy a qualified First Amendment right to inspect docket sheets, which "provide a kind of index to judicial proceedings and documents" and endow the public's access rights with meaning; without them, the public cannot know what it is being denied or seek review of sealing decisions. A docket sealed in its entirety — no caption, no parties, no entries — forecloses even that threshold function.

Based on the case number, this matter was opened in 2018 — approximately eight years ago. Whatever justification may have supported wholesale sealing at inception, the Second Circuit requires that sealing be supported by specific, on-the-record findings, be narrowly tailored, and be no broader than necessary to serve the interest asserted. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Continued total sealing of an entire criminal docket for eight years — through what yesterday's calendar suggests are ongoing proceedings — is the broadest possible form of restriction, and the passage of time ordinarily erodes rather than strengthens the interests (such as protecting an ongoing investigation) that support sealing at a case's outset. Notably, the appearance of this matter on the Court's public calendar itself discloses the case's existence, undercutting any rationale for concealing that bare fact on the docket.

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

Inner City Press does not ask the Court to assume there is no legitimate interest at stake; it asks that the sealing be tested against the required standards, now, with the minimum necessary restriction. Accordingly, Inner City Press respectfully requests that the Court: (1) direct the Clerk to docket this letter in No. 18-cr-00277; (2) unseal the docket sheet, with any genuinely necessary redactions of particular entries, consistent with Pellegrino; (3) unseal the judicial records in the case or, in the alternative, direct the government (and any defendant) to show cause, with particularized findings under Lugosch, why continued sealing — in whole rather than in part — remains justified; and (4) permit Inner City Press to be heard, by letter or at a conference, before any renewed sealing determination.

I note that courts in this District and elsewhere have docketed and acted on comparable requests from Inner City Press: Judge Garaufis of this Court addressed an Inner City Press request in United States v. Raniere, 18-cr-204 (Dkt. 934), as has Judge Komitee: https://storage.courtlistener.com/recap/gov.uscourts.nyed.454890/gov.uscourts.nyed.454890.108.0_1.pdf See also, 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, most recently (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and DDC (https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

Thank you for your consideration. A PDF of this letter is attached for ease of docketing.

Respectfully submitted,

Matthew Russell Lee
Inner City Press
SDNY Press Room
500 Pearl St NYC NY 10007
Mail: PO Box 130222, Chinatown Station
New York, NY 10013
718-716-3540
matthew.lee@innercitypress.com |