

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH:DEL                                    *271 Cadman Plaza East*
                                          *Brooklyn, New York 11201*

August 11, 2026

By ECF

The Honorable William F. Kuntz II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:     In Re Inner City Press
                        Civil Docket No. 26-4094 (WFK)

Dear Judge Kuntz:

                The government respectfully submits this letter in response to the Court's July 13, 2026 Order directing the government to respond to movant Inner City Press' request to unseal the docket sheet and entries in Criminal Docket 18-277 (WFK).  For the reasons set forth below, the government asks the Court to keep the docket and entries under seal.[1]

                As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal.  See, e.g., United States v. Aref, 533F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored").  However, there are various particular and justifiable reasons—well-established under the law of this Circuit—that provide for continued sealing of records.  United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995); United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 147 (2d Cir. 1995); United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989); United States v. Martin-Trigona, 767 F.2d 35, 39 (2d Cir. 1985).

                In its motion to unseal, the movant notes that there is a presumption that the public have access to criminal dockets and argues that since the case was opened in 2018, "[c]ontinued total sealing of an entire criminal docket for eight years" is unwarranted.  See Motion at 1-2.  The movant also notes that continued sealing must be supported by on-the-record findings.  Id. at 1.

---

[1]     Opposing counsel joins in this request to maintain Criminal Docket 18-277 (WFK) under seal.

Here, despite the movant's claim to the contrary, the continued sealing of the matter has been supported by on-the-record findings.  As referenced in the motion to unseal, a status conference for the case was held on July 7, 2026, 2:00 p.m., in Courtroom 6H North.  The conference was listed in advance on the Eastern District of New York's public calendar and was open to members of the public.  At the conference, upon application of the government, and after making specific, on-the-record findings, the Court held that the matter should remain under seal, satisfying the standards for sealing in this Circuit.

Accordingly, the government respectfully requests the Court denies the movant's request and maintains the docket sheet and its entries under seal.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      /s/

Devon Lash
Assistant U.S. Attorney
(718) 254-6014

cc:      Clerk of Court (WFK) (by ECF and Email)
Counsel of record (by ECF and Email)
Movant Inner City Press (by ECF)

2