# Inner City Press

August 11, 2026

By email to Chambers, for docketing

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Sealed v. Sealed, No. 18-cr-00277 (EDNY) — Press Reply to Government's August 11, 2026 Reiteration of Full Sealing

Dear Judge Kuntz:

Inner City Press and I respectfully reply to the Government's August 11, 2026 letter, which asks the Court to keep the docket sheet and entries in Criminal Docket 18-277 sealed on the theory that a July 7, 2026 status conference, "listed in advance on the Eastern District of New York's public calendar and open to members of the public," satisfies the on-the-record-findings requirement this Circuit imposes.

That argument is circular, and the circularity is the problem. A public calendar entry for a status conference tells the public nothing unless it identifies, or the public can otherwise determine, what case is being discussed. If Criminal Docket 18-277 itself remained sealed on August 11, as the government's own letter confirms it did through the date of this filing, then the underlying case — including, presumably, the caption and any indication of what the conference concerned — was not independently available to any member of the public who might have wished to attend. No member of the public failed to appear at an open hearing; no member of the public could have known there was a hearing worth appearing at, because the docket the hearing concerned was, and remains, invisible. The government cannot point to attendance at a hearing about a secret case as evidence the secrecy was cured, when the secrecy is precisely what would have prevented anyone from learning the hearing was worth attending.

This is not a novel concern. This Circuit has recognized that sealing an entire docket sheet is a distinct and more serious harm than sealing particular documents within an otherwise visible case, because a secret docket forecloses the public's ability to know a case exists at all. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004) (holding that "the total foreclosure of access... at the earliest stages of the proceedings" through docket-sheet sealing implicates the First Amendment with particular force, because "the public would not even know that [a] case was being adjudicated"). Whatever occurred at the July 7 conference cannot retroactively cure eight years of exactly the harm Hartford Courant identifies: a public that has had no way, this entire time, to know this docket exists.

Tellingly, the Government's letter also does not state what the "specific, on-the-record findings" made on July 7 actually were. It asserts that findings were made without reciting their substance — which does not permit this Court, this movant, or any reviewing court to assess whether those

findings were, in fact, sufficiently specific and narrowly tailored, as Lugosch requires. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (sealing must be "narrowly tailored to serve that interest," and the district court must "specify" its reasons "on the record"). A conclusory assertion that findings exist is not a substitute for stating what they were.

Defense counsel's August 11, 2026 letter joining the government's position adds nothing to test. It states only that defendant "oppose[s] Inner City Press' request... [f]or the reasons the government has articulated," without offering any independent showing of its own. To whatever extent defendant has a distinct privacy or fair-trial interest in continued sealing — as opposed to the government's institutional interest in the underlying prosecution — that interest has not been described, let alone supported by the kind of specific, particularized findings *Lugosch* requires. A one-paragraph adoption of another party's argument does not supply the missing findings; it simply confirms that no party has yet stated, on this record, what specific harm continued docket-sheet secrecy is meant to prevent. [Mr. Radick is listed in the docket as Plaintiff; cc-ed]

   For what it is worth, while Inner City Press which has been granted in-house status in SDNY and therefore is able to have laptop and cell phone inside 500 Pearl Street does sometime go to proceedings about which little information is available in advance, Inner City Press has found it significantly more difficult in EDNY, having had to advocate for weeks for a trial-specific pass in once instance, and no passes since. This is relevant to the argument that a member of the media, with NYC Press Pass, could simply have hung around and gone to a proceeding about which there was, intentionally, no information.

Inner City Press respectfully renews its request that the Court unseal the docket sheet and entries in Criminal Docket 18-277. If the government believes specific, narrow redactions remain warranted as to particular entries, the appropriate remedy is disclosure of the docket sheet itself, with the government identifying which specific entries, if any, require continued protection and why — not continued concealment of the docket's very existence based on a hearing the public had no way to know about.

Thank you for your consideration. A PDF of this letter is attached for ease of ECF docketing.

Respectfully submitted,

/s/ Matthew Russell Lee
Inner City Press - SDNY Press Room, 500 Pearl St NYC NY
Mail: PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540


cc: Devon Lash, Assistant U.S. Attorney (by email then ECF)

esmit@maglaw.com and rradick@maglaw.com