UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
:
IN RE: INNER CITY PRESS : 26-cv-4094 (WFK)
:
--------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF UNSEALING CRIMINAL DOCKET 18-CR-277-WFK**

Matthew Russell Lee, appearing pro se on behalf of Inner City Press, respectfully submits this memorandum following oral argument held August 24, 2026. First, the *Greenwood* case I cited without having my electronics to check is: 145 F.4th 248 (2d Cir. 2025), No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/

**I. Attendance at the July 7 Conference Would Not Have Changed What the Public Now Knows**

At oral argument, the Court suggested that the undersigned could have attended the July 7, 2026 status conference, and that in days past, press routinely had reporters present in courtrooms to observe exactly this kind of proceeding.

The undersigned noted, and reiterates here, that no member of the public could have known to attend a conference concerning a docket that was, and remains, subject to a single line PACER ("Sealed v. Sealed. This case is under seal") with no ability to follow the case with NEF notifications, and entirely invisible on CourtListener ("Your search — Courts: 1 › Query: 18-cr-277 — had no results"), see https://www.courtlistener.com/?type=r&q=18-cr-277&type=r&order_by=score%20desc&court=nyed

But the more fundamental point is this: even had the undersigned attended, the record now shows what would have been learned. At oral argument, the government's stated basis for continued sealing consisted of four categories: "personal information, medical information, third-party information, and law enforcement sensitive information." That is the justification offered, in this

proceeding, on the record, three weeks after the Court ordered a response. It is no more specific than what the government's original filings provided. Physical attendance on July 7 would have added nothing, because the government's own justification, then and now, has never risen above generic category labels.

## II. Generic Category Labels Do Not Satisfy *Lugosch* or Greenwood

This Circuit requires "specific, on-the-record findings... demonstrating that closure is essential to preserve higher values" and that any sealing be "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This requirement was reaffirmed by this Circuit in *U.S. v. Greenwood*, 145 F.4th 248 (2d Cir. 2025), which likewise rejected reliance on categorical description in place of document-specific justification.

The government's four categories here are precisely the kind of generalized labeling *Lugosch* and *Greenwood* do not permit to substitute for particularized findings. "Personal information" does not identify what personal information, in which documents, belonging to whom. "Law enforcement sensitive information" does not identify what technique, investigation, or ongoing interest is at stake, nor whether that interest persists eight years after the docket's original sealing. A category is not a finding. The undersigned respectfully submits that the government has not met its burden as to the docket sheet itself — the caption, the case's bare existence — whatever the Court concludes as to specific documents within it.

## III. The Court's Own Disclosure of the Scope of This Practice Warrants Broader Attention

At oral argument, the Court seemed to indicate that it has presided over approximately ninety cases under seal in this manner, and that comparable numbers exist across other courts nationally. The Court further indicated that some administrative directive requires periodic review of such sealed dockets, but that this review, where it occurs, often takes place on the papers alone, generating no public docket entry, and is consequently invisible to the public in the same way the underlying sealed dockets themselves are invisible. A safeguard that cannot be observed to have occurred provides no assurance that it has.

The undersigned respectfully suggests, as a model worth this Court's consideration, the practice of the United States District Court for the District of Colorado, which maintains a public, continuously updated list of pending motions to seal, with stated deadlines for public objection: https://www.cod.uscourts.gov/Seal.aspx

Such a mechanism would not require disclosure of sealed material itself, only the fact that a sealing determination exists and is under active or periodic review — precisely the minimal transparency *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004), holds the public is entitled to as to the existence of a docket, distinct from its contents.

**IV. Relief Requested**

The undersigned respectfully requests that the Court: (1) unseal the docket sheet of Criminal Docket 18-CR-277; (2) require the government to file a particularized statement identifying, document by document, what specific content within the four asserted categories requires continued protection and why, consistent with Lugosch and Greenwood; and (3) consider, whether in this case or through the administrative process the Court has described, a mechanism for public visibility into the existence and periodic review of sealed dockets generally, consistent with the practice of other federal courts.

Respectfully submitted,

/s/ Matthew Russell Lee

Matthew Russell Lee
Inner City Press
SDNY Press Room
500 Pearl Street NYC NY 10007
Mail to: PO Box 130222
NYC NY 10013

718-716-3540
Matthew.Lee@innercitypress.com

Attorney for Plaintiffs / Petitioners

Dated: New York, New York
August 28, 2026